IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALIM ABDUL AZIM, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-13-956
:
WARDEN JAMES MCGRADY, : (Judge Brann)
:
    Respondent :

**MEMORANDUM**

July 25, 2014

**Background**

    Alim Abdul Azim, an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Retreat Superintendent James McGrady. Service of the Petition was previously ordered.

    On February 27, 2008, Petitioner entered a counseled guilty plea to charges of aggravated assault (2 counts); persons not to possess, use, manufacture, control, sell, or transfer firearms; firearms not to be carried without a license; recklessly endangering another person; and tampering with evidence in the Court of

Common Pleas of Lebanon County, Pennsylvania.[1]  The charges stemmed from an October 21, 2007 incident during which Azim allegedly discharged a firearm multiple times outside a McDonald's restaurant during business hours in the direction of the victim, William Johnson.

Azim was sentenced on May 7, 2008 to an aggregate twelve (12) to twenty-seven (27) year term of confinement.  Petitioner's motion seeking modification or reconsideration of sentence was denied by the sentencing court on May 20, 2008.

On June 20, 2008, Petitioner filed a pro se direct appeal to the Superior Court of Pennsylvania.  The appeal was quashed on August 25, 2008 for Azim's failure to comply with Pennsylvania Rule of Appellate Procedure 3517.[2]  No further appeal was pursued.

On February 4, 2009, Azim filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[3]   The petition alleged that trial counsel was ineffective for failing to perfect a requested direct appeal.

---

[1]   A charge of criminal attempt to commit criminal homicide was dismissed.

[2]   Rule 3515 requires the filing of a docketing statement.

[3]   See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Following appointment of counsel and an evidentiary hearing, the sentencing court issued an Order on June 11, 2009 which reinstated Azim's direct appellate rights nunc pro tunc.

Following that decision, Petitioner filed a counseled direct appeal on June 22, 2009. The Superior Court of Pennsylvania affirmed Petitioner's sentence by decision dated February 12, 2010. A petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on August 18, 2010.

On April 1, 2011 Azim next filed a pro se PCRA action (which was considered an initial PCRA action in light of the reinstatement of Petitioner's direct appeal rights) alleging that trial counsel provided ineffective assistance by erroneously advising his client that he faced a greater maximum sentence (71 years) then the actual sentence (34 years) which could be imposed thereby causing Petitioner to enter an unknowing, involuntary, and unintelligent guilty plea. Azim also alleged that the trial court unlawfully induced his guilty plea by similarly advising him that he faced a greater maximum sentence then the actual potential maximum sentence.

Counsel was appointed to represent Azim and an evidentiary hearing was held. An October 20, 2011 Memorandum Opinion by the sentencing court denied PCRA relief. By decision dated April 20, 2012, the Superior Court of

Pennsylvania affirmed that denial. A petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on December 19, 2012. This federal habeas corpus petition followed.

Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that he was denied effective assistance of counsel in that his plea counsel coerced him into entering a guilty plea with a promise that he would receive a lesser sentence than the one actually imposed. Azim adds that his counsel also misinformed him as to the maximum sentence which he was facing.

Respondent seeks dismissal on the petition on the grounds that it was untimely filed and because Azim failed to exhaust his available state court remedies. In addition, Respondent alternatively argues that Petitioner's arguments are subject to dismissal for lack of merit. This matter is ripe for consideration.

**Discussion**

**Timeliness**

Respondent's initial argument contends that Azim has not filed a timely habeas corpus action. See Doc. 9-1, p. 9. Azim's pending § 2254 petition is dated March 13, 2013, and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court.)

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original).

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir.), cert. denied, 534 U.S. 944

5

(2001)(an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

However, the period during which a Section 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

It is additionally noted that the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A habeas petitioner may establish grounds for equitable tolling by showing that (a) the government has actively misled the petitioner; (b) the

rights in question were timely asserted, but in the wrong forum; or (c) the petitioner has in some extraordinary way been prevented from asserting his rights." Jones, 195 F.3d at 159. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). Nor does equitable tolling extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).

Respondent's pending untimeliness argument contends in part that a 131 day period between September 26, 2008 (30 days after the Superior Court of Pennsylvania dismissed his initial appeal) to February 4, 2009 (the filing date of his first PCRA action) should be included in the calculation of the limitations period.

It is undisputed that as a result of Azim's first PCRA action, his direct appeal rights were reinstated nunc pro tunc by the sentencing court. Petitioner than pursued a direct appeal which concluded on August 18, 2010 when the Supreme Court of Pennsylvania denied his petition for allowance of appeal. In accordance with the principles announced in § 2244(d)(1)(A) and Harris as well as the equitable tolling standards, it is the determination of this Court that the limitations period began to run as of the August 18, 2010 conclusion of

7

Petitioner's reinstated direct appeal.

Second, the running of the limitations period was thereafter tolled during the period when Petitioner's subsequent PCRA action was pending before the Pennsylvania state courts (April 1, 2011- December 19, 2012). It is undisputed that said action was considered to be an initial PCRA action by the Pennsylvania state courts. See Doc. 9-1 p. 5.

Based upon those determinations, the one year limitations period ran from August 18, 2010 until April 1, 2011 (approximately 7 ½ months) and from December 19, 2012 until the filing of this action on March 13, 2013 (approximately 3 months) . Since Azim's pending federal petition was initiated within the § 2244(d) one year limitations period, the request for dismissal on the basis of untimeliness will be denied.

**Exhaustion**

The second argument raised by Respondent maintains that Azim did not properly exhaust his available state court remedies. See Doc. 9-1, p. 10. Specifically, Respondent argues that the claims before this court "were not the claims presented [ to] the trial court and pursued by Petitioner before the appellate courts." Id.

Title 28 United States Code Section 2254(b)(1) provides that an application

for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[4] The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented.'" Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, __ U.S. __, 126 S.Ct. 2378, 2386-87 (2006) (internal citations omitted); O'Sullivan v.

---

[4] However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The United States Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through

a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

As previously discussed, Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that he was denied effective assistance of counsel in that plea counsel coerced him into entering a guilty plea with a promise that he would receive a lesser sentence than the one actually imposed. Azim adds that counsel also misinformed him as to the maximum sentence which he was facing.

The April 23, 2013 Memorandum Opinion of the Superior Court of Pennsylvania described Petitioner's PCRA action as raising the following claims: plea counsel was ineffective for failing to advise Azim of the correct maximum sentence which he was facing and trial counsel was ineffective for promising Petitioner a sentence which he did not receive. See Doc. 9-32, p. 6.

Since the arguments presently pending before this court are the substantial equivalent of the arguments and presented to the Pennsylvania state court during Petitioner's aforementioned PCRA proceeding, under Evans and Lambert there is no basis for a finding of non-exhaustion. Respondent's argument will be denied as meritless.

**Ineffective Assistance of Counsel**

Respondent's remaining argument states that even if this Court were to conclude that Petitioner's claims are properly presented, he is still not entitled to relief because the denial of relief by the State courts with respect to the claims that Azim was coerced and misinformed when entering his guilty plea was reasonable. See Doc. 9-1, p. 10. The Respondent notes that it was also reasonable for the sentencing court to find the PCRA testimony by sentencing counsel to be more credible than that given by Petitioner. Moreover, the misinformation claim was properly found to be meritless because at the time Azim's guilty plea was entered the maximum sentences which he was advised of by sentencing counsel were applicable.

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[5] See generally, Knowles v. Mirzayance, __ U.S. __, 2009 WL 746274 *3 (March 24, 2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

---

[5] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e) (1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective

assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). In Deputy, the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. Id. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey

v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and show prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation omitted).[6]

At the time of Petitioner's state court proceedings, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. In addressing Azim's present ineffective assistance claims, the state courts applied essentially the same two-prong test for ineffective assistance articulated in Strickland.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is

---

[6] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

applied to ineffective assistance of counsel claims, but is, in substance, identical to the <u>Strickland</u> test. <u>See</u>, <u>e.g.</u>, <u>Commonwealth v. Pierce</u>, 527 A.2d 973, 975-77 (Pa. 1987). The Third Circuit has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to <u>Strickland</u>. <u>Jacobs v. Horn</u>, 395 F.3d 92, 107 n.9 (3d Cir. 2005); <u>Werts v. Vaughn</u>, 228 F.3d 178, 204 (3d Cir. 2000). Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the United States Supreme Court for the adjudication of ineffective assistance claims**.**

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of <u>Strickland</u> or were based on an unreasonable determination of the facts. <u>Jacobs</u>, 395 F.3d at 107 n.9; <u>Werts</u>, 228 F.3d at 204.

Next, a habeas petitioner "faces a heavy burden in challenging the voluntary nature of his guilty plea." <u>Lesko v. Lehman</u>, 925 F.2d 1527, 1537 (3d Cir. 1991). A court's inquiry "is ordinarily confined to whether the underlying plea was both counseled and voluntary." <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989). Federal habeas challenges to the voluntary nature of a guilty plea based on unfulfilled promises or representations "must advance specific and credible

allegations." Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994).             Criminal defendants who enter into plea agreements must be advised of the direct consequences of their plea. The Third Circuit has stated that the only consequences considered direct are the maximum prison term and fine for the offense charged. Parry v. Rosemeyer, 64 F.3d 110, 113-14 (3d Cir. 1995). There is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable. Belle v. Varner, 2001 WL 1021135 *10 (E.D. Pa. 2001).

It is undisputed that Azim was represented by counsel and there was both a February 27, 2008 written (Doc. 12, Exhibit A) and an February 28, 2008 oral plea colloquy (Doc. 9-6) conducted by the state trial court. The written plea colloquy clearly advised Petitioner of the maximum penalties which he faced for each charged offense. Moreover, the plea court's oral colloquy specifically informed Azim that he was entering an open plea and that the sentencing judge would decide the sentence to be imposed. See id. at p. 5.

In denying relief, the PCRA court stated that at the time Azim entered his plea, it was not a certainty that any of Petitioner's convictions were going to merge for purposes of sentencing thus, counsel acted properly by advising Azim that he faced a potential maximum 71 year sentence if convicted of all charges. The

Superior Court of Pennsylvania agreed that counsel acted properly by advising Azim at the time of his plea that he faced a maximum 71 year sentence since merger was not certain at the time the plea was entered.  Moreover, the Superior Court added and the notes of testimony from the PCRA hearing confirm that plea counsel also explained the potential merger of convictions to Petitioner.  See Doc. 9-32, p. 10.

It is undisputed that plea counsel gave PCRA testimony that he never advised Petitioner that he would receive a total 5 ½ to 15 year sentence or that he wrote the same on the guilty plea colloquy.  See Doc. 9-27, N.T. pp. 32-35.  Clearly, a the determination made by the state courts that plea counsel's PCRA testimony regarding the circumstances relating to the entry of plea was more credible than that of Azim was not unreasonable.

Based upon a thorough review of the record, including the PCRA testimony of Azim and plea counsel, as well as the written and oral plea colloquies this Court is satisfied that the due process requirements set forth in Broce and Parry were satisfied.  It is apparent that trial counsel adequately discussed with Petitioner the terms and ramifications of the plea offer.   Petitioner's request for habeas corpus relief will be denied.  An appropriate Order will enter.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge